IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

FEB 0 5 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| CRISTOVAL SILVA-TREVINO, § | |
|    Petitioner, § | |
| § | |
| v. § | Civil Action No. B-09-001 |
| § | |
| MICHAEL WATKINS, Assistant § | |
| Field Office Director Immigration § | |
| and Customs Enforcement, MICHAEL § | |
| MUKASEY, United States Attorney § | |
| General, MICHAEL CHERTOFF, § | |
| Secretary, Department of Homeland § | |
| Security, and THE UNITED STATES § | |
| OF AMERICA, § | |
|    Respondents/Defendants. § | |

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

By seeking release on bond pending the conclusion of his removal proceedings, Petitioner presents this Court with a choice between the lesser of two evils. On the one hand is an individual who is deportable by reason of a 2004 conviction for sexual abuse of a child.[1] On the other hand this individual has been in custody for over three years without a final decision in his removal proceedings.

### I.   Detention of Aliens During and After Removal Proceedings

Petitioner is currently being detained pursuant to 8 U.S.C. § 1226(c), which mandates the detention of certain criminal aliens, including those who are inadmissible by reason of having committed an offense involving moral turpitude, during their removal proceedings. *See* 8 U.S.C. § 1226(c)(1)(A). Notably, section 1226(c) does not entitle an alien to an individualized bond

---

[1] Petitioner received five years deferred adjudication after he pleaded no contest in a Texas state district court to indecency with a minor, as defined by Texas Penal Code § 22.11, touching the breast of a child under the age of 17 with the intent to arouse or gratify sexual desire.

hearing. In *Demore v. Kim*, 538 U.S. 510, 531 (2003), the Supreme Court held that it was constitutional to detain an alien meeting section 1226(c)'s criteria without a requisite determination that the alien posed either (1) a danger to society, or (2) a flight risk. In so holding, the Supreme Court relied on the fact that removal proceedings are typically brief (on average 47 days, and in most cases less than 90 days), and the government's legitimate interest in ensuring the appearance of aliens at their future immigration proceedings. *See Demore*, 538 U.S. at 529.

In contrast with the Supreme Court's opinion in *Demore v. Kim*, governing *pre-removal order* incarceration, is the Supreme Court's opinion in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* addressed the situation of *post-removal order* incarceration, and held that the government is presumptively reasonable in detaining deportable aliens up to 90 days following the issuance of final orders of removal. Beyond 90 days, however, the Supreme Court held that indefinite detention is prohibited where removal is no longer "reasonably foreseeable." *Zadvydas*, 533 U.S. at 699. The Court emphasized that "a statute permit[ting] indefinite, perhaps permanent, deprivation of human liberty" without procedural protections would raise a serious constitutional problem. *Id.* at 692.

## II. The Case at Bar

Petitioner's removal proceedings have been going on now for approximately three years and two months. Based on the deferred adjudication judgment for indecency with a minor in October 2004, the Department of Homeland Security ("DHS") took Petitioner into custody in November 2005 and instituted removal proceedings. On February 9, 2006, an immigration judge held that Petitioner was removable and ineligible for discretionary relief from relief from removal. On June 6, 2006, the Board of Immigration Appeals ("BIA") agreed that Petitioner was removable, but unlike the immigration judge, found that Petitioner was eligible for discretionary relief from removal. On August 8, 2007, the Attorney General certified Petitioner's case unto himself pursuant to 8 C.F.R.

§ 1003.1(h)(1)(i) (2007), which apparently put Petitioner's application for discretionary relief from removal on hold. On November 7, 2008, the Attorney General issued his opinion with instructions that the case be remanded for a determination, *inter alia*, of whether Petitioner knew or should have known that the minor he touched was under 17 years of age. This remand effectively placed Petitioner's removal proceedings back at square one. On December 5, 2008, Petitioner filed a Motion to Reconsider with the Attorney General. On January 1, 2009, he filed the instant petition for a writ of habeas corpus, seeking *inter alia*, a bond hearing that he might be released pending the conclusion of the second round of his removal proceedings. The Court entered an order setting the petition for a hearing on February 6, 2009, which was later reset to February 4, 2009 at 11:00 a.m. On January 15, 2009, the Attorney General denied Petitioner's Motion to Reconsider.

At the hearing on the petition, counsel for the government and Petitioner provided the Court with the following best estimate of the timeline in Petitioner's removal proceedings going forward. Within a few weeks, that is by the end of February or early March 2009, Petitioner will have a scheduling conference before an immigration judge, who will then set Petitioner's case for a merits hearing two to three months later. Once the immigration judge issues a decision, it will take another couple of months for BIA to review Petitioner's case. By these estimates, Petitioner will receive a final order of removal, if at all, sometime in or before August 2009.

### III.  Conclusion

While the underlying crime in this case is quite serious, and section 1226(c) permits mandatory detention pending removal of certain criminal aliens without a bond hearing, the Court finds that detention for over three years awaiting a final order of removal is stretching the limits of reasonableness. It is in a sense unfortunate that Petitioner waited to seek habeas relief until his removal proceedings appeared close to final resolution. Nevertheless, to prevent any further undue

delay, the Court hereby denies Petitioner's petition for a writ of habeas corpus without prejudice with leave to refile same should an immigration judge not conduct a merits hearing on or before May 1, 2009, or the BIA not issue a final decision on or before August 7, 2009. It is further ORDERED that the government's Motion for Leave to File a Supplement to Return (DE 29) is granted.

SIGNED this 5th day of February, 2009.

Andrew S. Hanen
United States District Judge